1  PAUL L. REIN, Esq. (SBN 43053)
   CELIA McGUINNESS, Esq. (SBN 159420)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
3  Oakland, CA  94612
   Telephone:  510/832-5001
4  Facsimile:   510/832-4787
   reinlawoffice@aol.com
5
   Attorneys for Plaintiff
6  PETER MENDOZA

7                UNITED STATES DISTRICT COURT
8               NORTHERN DISTRICT OF CALIFORNIA

9

10  PETER MENDOZA,                    CASE NO. C09-04122
                                      Civil Rights
11        Plaintiff,
                                      COMPLAINT FOR PRELIMINARY AND
12  v.                                PERMANENT INJUNCTIVE RELIEF AND
                                      DAMAGES: DENIAL OF CIVIL RIGHTS
13                                    AND ACCESS TO PUBLIC FACILITIES
                                      TO PHYSICALLY DISABLED PERSONS,
14                                    PER FEDERAL AND CALIFORNIA
    MCDONALD'S                        STATUTES (INCLUDING CIVIL CODE §§
15  CORPORATION; MICHAEL D.           51, 52, 54, 54.1, 54.3, AND § 55; and
    MAGRUDER; SYED                    HEALTH & SAFETY CODE §§ 19953 et
16  HUSSAIN; and DOES 1-10,           seq.); INJUNCTIVE RELIEF PER TITLE
    Inclusive,                        III, AMERICANS WITH DISABILITIES
17                                    ACT OF 1990
18        Defendants.
    _____/        DEMAND FOR JURY TRIAL
19

20        Plaintiff PETER MENDOZA complains of defendants

21  MCDONALD'S CORPORATION; MICHAEL D. MAGRUDER; SYED

22  HUSSAIN; and DOES 1-10, Inclusive, and each of them, and alleges as follows:

23        1.    **INTRODUCTION:**    This case involves the denial of accessible

24  public facilities, including parking facilities, exterior paths of travel and access to

25  the entrances, interior paths of travel, public restrooms, and related facilities, to

26  plaintiff and other disabled persons at the McDonald's Restaurant, located at

27  7340 Redwood Blvd., Novato, California.  Plaintiff Peter Mendoza is a "person

28  with a disability" or "physically handicapped person" due to cerebral palsy,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -1-        S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1 cancer, and lower limb amputation.  Plaintiff requires the use of a motorized
2 wheelchair for mobility and is unable to use portions of public facilities which are
3 not accessible to disabled persons, including those who require the use of a
4 wheelchair.  Plaintiff was denied his rights to full and equal access at these
5 facilities, was physically trapped in the men's restroom for more than half an
6 hour, until finally rescued by the police; and was denied his civil rights under
7 both California law and federal law, because these facilities were not, and are not
8 now, properly accessible to physically disabled persons, including those who use
9 wheelchairs.  Plaintiff seeks injunctive relief to require defendants to make these
10 facilities accessible to disabled persons and to ensure that any disabled person
11 who attempts to use this Novato McDonald's Restaurant (hereinafter sometimes
12 "McDonald's" or "Restaurant"), will be provided accessible facilities.  Plaintiff
13 also seeks recovery of damages for his physical, mental and emotional injuries,
14 and his discriminatory experiences and denial of access and of civil rights, which
15 denial is continuing as a result of defendants' failure and refusal to provide
16 disabled accessible facilities.  Plaintiff also seeks recovery of reasonable statutory
17 attorney fees, litigation expenses and costs, under federal and state law.

18    2.    **JURISDICTION:**  This Court has jurisdiction of this action
19 pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act
20 of 1990, 42 USC §§ 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and
21 related causes of action arising from the same facts are also brought under
22 California law, including but not limited to violations of Health & Safety Code
23 §§ 19953-19959; California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55; and Title
24 24 California Code of Regulations.

25    3.    **VENUE:**  Venue is proper in this court pursuant to 28 USC
26 § 1391(b) and is founded on the fact that the real property which is the subject of
27 this action is located in this district and that plaintiff's causes of action arose in
28 this district.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -2-        S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1    4.    **INTRADISTRICT:**  This case should be assigned to the San

2  Francisco/Oakland intradistrict as the real property which is the subject of this

3  action is located in this intradistrict and plaintiff's causes of action arose in this

4  intradistrict.

5    5.    **PARTIES:** Plaintiff Peter Mendoza is a qualified physically disabled

6  person who is mobility impaired and requires use of a motorized wheelchair for

7  locomotion.  He also possesses a disabled parking placard issued by the State of

8  California and is frequently transported in a disabled licensed van which requires

9  parking in a properly configured van-accessible parking space.  Defendants

10  MCDONALD'S CORPORATION; MICHAEL D. MAGRUDER; SYED

11  HUSSAIN; and DOES 1-10, Inclusive, are the owners, operators, lessors, and

12  lessees of the business, property, buildings, parking lots, and/or portions thereof

13  located at 7340 Redwood Blvd., Novato, California.  This Restaurant, its

14  restrooms and parking facilities are each a "public accommodation and business

15  establishment" subject to the requirements of multiple categories of § 301(7) of

16  the Americans with Disabilities Act of 1990, of California Health & Safety Code

17  §§ 19953 *et seq.*, and of California Civil Code §§ 51 *et seq.* and 54 *et seq.*  On

18  information and belief, this Restaurant and its facilities have, since July 1, 1970,

19  undergone construction and/or "alterations, structural repairs, or additions,"

20  subjecting each such facility to disabled access requirements per Health & Safety

21  Code §§ 19955-19959 *et seq.*, and, as to alterations since January 26, 1993, to the

22  disabled access requirements of § 303 of the Americans with Disabilities Act of

23  1990.  Further, irrespective of the alteration history, such premises are subject to

24  the "readily achievable" barrier removal requirements of Title III of the

25  Americans With Disabilities Act of 1990, as defined by ADA § 301(9).

26    6.    The true names and capacities of Defendants Does 1 through 10,

27  Inclusive, are unknown to plaintiff who therefore sues said defendants by such

28  fictitious names.  Plaintiff is informed and believes that each of the defendants

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -3-        S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1 herein designated as a Doe is legally responsible in some manner for the events

2 and happenings herein referred to and caused injury and damages proximately

3 thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to

4 show such true names and capacities when the same have been ascertained.

5        7.     Defendants MCDONALD'S CORPORATION; MICHAEL D.

6 MAGRUDER; SYED HUSSAIN; and DOES 1-10, Inclusive, are and were the

7 owners, operators, lessors and lessees of the subject business, property and/or

8 building at all times relevant to this Complaint. Plaintiff is informed and believes

9 that each of the defendants herein is the agent, employee or representative of each

10 of the other defendants, and performed all acts and omissions stated herein within

11 the scope of such agency or employment or representative capacity, and is

12 responsible in some manner for the acts and omissions of the other defendants in

13 proximately causing the damages complained of herein.

14

15 **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES**
16 **IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code § 54 *et seq.*)**
17

18        8.     Plaintiff repleads and incorporates by reference, as if fully set forth

19 again herein, the factual allegations contained in Paragraphs 1 through 7, above,

20 and incorporates them herein by reference as if separately repled hereafter.

21        9.     Plaintiff Peter Mendoza and other similarly situated physically

22 disabled persons, including those who require the use of a wheelchair, are unable

23 to use public facilities on a "full and equal" basis unless each such facility is in

24 compliance with the provisions of California Health & Safety Code §§ 19955 *et*

25 *seq.* Plaintiff is a member of that portion of the public whose rights are protected

26 by the provisions of Health & Safety Code §§ 19955 *et seq.*

27      10.     Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o

28 ensure that public accommodations or facilities constructed in this state with

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -4-      S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1    private funds adhere to the provisions of Chapter 7 (commencing with Section
2    4450) of Division 5 of Title 1 of the Government Code." On information and
3    belief the provisions of both Health and Safety Code §§ 19955 and 19955.5,
4    apply to the subject Restaurant.   The code relating to such public
5    accommodations also requires that "When sanitary facilities are made available
6    for the public, clients, or employees... they shall be made available for persons
7    with disabilities." Title 24, California Code of Regulations, formerly known as
8    the California Administrative Code, was in effect at the time of each alteration
9    which, on information and belief, occurred at such public facility since July 1,
10   1982, thus requiring access complying with the specifications of Title 24
11   whenever each such "alteration, structural repair or addition" was carried out.  On
12   information and belief, defendants and/or their predecessors in interest carried out
13   alterations, structural repairs, or additions to such buildings and facilities during
14   the period Title 24 has been in effect.  Further, plaintiff alleges that alterations,
15   structural repairs, and/or additions which triggered access requirements at all
16   relevant portions of the Restaurant, also occurred between July 1, 1970 and July
17   1, 1982, and required access pursuant to the A.S.A. (American Standards
18   Association) Regulations then in effect, pursuant to the incorporated provisions of
19   California Government Code §§ 4450 *et seq.*

20      11.   **FACTUAL STATEMENT:**   At all times mentioned herein,
21   plaintiff Peter Mendoza has been a qualified disabled person due to multiple
22   disabilities, including cerebral palsy, cancer, and a lower limb amputation.  His
23   disabilities require him to use a motorized wheelchair for mobility.  On or about
24   June 14, 2009 plaintiff PETER MENDOZA visited the McDonald's restaurant
25   located at 7340 Redwood Blvd., Novato, California, to have lunch.  After
26   purchasing lunch, plaintiff left the premises but came back to use the exterior
27   men's restroom, which could be entered only from an exterior door.  Plaintiff had
28   visited this Restaurant on previous occasions and had used this restroom before,

1  when it appeared to have a different configuration.  However, when he entered
2  this restroom on June 14, 2009, to make use of its facilities, he found that the
3  restroom had apparently been recently remodeled in a manner which made it <u>less</u>
4  <u>accessible</u> and less usable for persons with disabilities, particularly those whose
5  disabilities required them to use a wheelchair.  On information and belief, such
6  limitations on disabled access, included defendants having moved the sink and
7  changed the sink's faucets, so that plaintiff could not wash his hands or carry out
8  certain processes necessary for his sanitary bodily functions.  The flush lever on
9  an apparently new toilet was located on the "wrong" side per code, and, despite
10 plaintiff's efforts to reach it, he was unable to do so in order to flush the toilet.
11 The exit door was also excessively heavy, in violation of federal and state codes,
12 and plaintiff struggled with the door, making a number of attempts before he was
13 able to open the door and leave the restroom.  During these struggles plaintiff
14 injured his left wrist while trying to open the excessively heavy door.

15      12.    While plaintiff was attempting to use the restroom facilities and then
16 struggling with the door to open it and exit, people waiting outside to use the
17 restroom apparently became impatient; one man began pounding on the door and
18 making threats, despite plaintiff calling out, "I'm a wheelchair user!"  This man's
19 threats included yelling, "If you don't come out soon, I'm going to kick your ass!"
20 This caused plaintiff frustration, stress and fear, as he was afraid that he'd be
21 assaulted when he exited the restroom.  However, when he finally was able to get
22 out of the restroom, he was not assaulted.

23      13.    When plaintiff then complained about this experience to an employee
24 of defendants' Restaurant, the employee told him that he "should have" used the
25 "inside" men's restroom.  However, plaintiff did not know there was another
26 restroom inside the Restaurant, apparently a newly constructed restroom, and did
27 not see any signs indicating the existence or location of any "inside" restroom.
28 Indeed, there had been a line of people at the "outside" restroom waiting to use it.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -6-        S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

14.    On or about June 21, 2009, a week after the first incident, plaintiff returned to the Novato McDonald's restaurant, now aware of the "inside" men's restroom and intending to use it if he had the need to use a restroom. Because it was "Fathers' Day," plaintiff's intention was to have lunch at McDonald's and then visit his father, who lived nearby in Novato. This time, after lunch, he made sure to ask an employee about the location of the "inside" men's restroom. Because this restroom was "new," the employee showed plaintiff the restroom, and personally checked to assure plaintiff that the plumbing in the restroom worked properly. The employee then left plaintiff alone inside the restroom, so that plaintiff could use it. (On information and belief, the exterior men's restroom had by now been removed from service and closed to the public.)

15.    Plaintiff was able to make use of the "inside" men's restroom, although on information and belief, certain features were not up to code, including the location of the toilet and the lack of clear transfer space next to the toilet. However, when plaintiff attempted to open the restroom door to <u>exit</u> the restroom, he found that the door was so heavy that he could not open it to get out. Plaintiff began calling out for help, yelling for at least ten minutes, expecting that at least the employee who had shown him into the restroom would know that plaintiff hadn't come out and might be trapped inside. However, no one responded to plaintiff's calls for help, although he heard someone shout, "Stop yelling!" In frustration, plaintiff used his cell phone to call "Information," get the phone number for this McDonald's restaurant, and called that number to get help; however, no one at the Restaurant answered the phone.

16.    As a last resort, plaintiff telephoned the Novato Police Department and talked to a dispatcher. The police dispatcher advised plaintiff that she would telephone the McDonald's. However, after some time plaintiff was still trapped, so he called the police department dispatcher again, who advised plaintiff that not even the police had been able to get McDonald's to answer the phone! The police

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -7-        S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1    dispatcher then told plaintiff that she was sending a police officer to rescue him.

2    After plaintiff had been trapped in the restroom for more than 30 minutes, a

3    Novato police officer arrived and ordered the McDonald's employee to open the

4    restroom door and release plaintiff.  No employee of defendants ever apologized

5    to plaintiff, not at that time nor at any time since the incident.   Plaintiff suffered

6    physical, mental and emotional damages during each of the above-described

7    incidents, all to his general, statutory and treble damages, according to proof.

8          17.    On information and belief, this McDonald's restaurant was also

9    inaccessible to disabled persons in multiple additional ways, including but not

10   limited to the lack of proper accessible seating, improperly high counters, and

11   improperly designated, numbered and configured disabled accessible and van-

12   accessible parking.  (Although plaintiff does not personally drive, he possesses a

13   disabled parking placard for use when he is driven by other people, usually in a

14   van.)  On information and belief, at the time of each of the above-described

15   incidents, and continuing to the present, the access barriers at this McDonald's

16   restaurant also included but were not limited to the following: an excessively

17   steep path of travel between the boundary of the site and the Restaurant; the path

18   of travel between the boundary of the site and the Restaurant requires wheelchair

19   passage along a driveway, in violation of code; the designated "accessible"

20   parking spaces are sloped at approximately twice the 2% maximum slope allowed

21   by code; the path of travel between the designated "accessible" parking spaces

22   and the Restaurant entrance has a cross slope which is more than twice the 2%

23   maximum cross slope allowed by code; the path of travel between the designated

24   "accessible" parking spaces and the Restaurant entrance contains tactile domes

25   which do not completely cross the accessible route at the edge of the driveway;

26   the west entry door to the Restaurant has a push pressure exceeding the maximum

27   allowed by code; the floor mat at the east entry door is not firmly attached to the

28   floor; the landing outside of the east entry door has a slope which is

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -8-          S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1  approximately twice the 2% maximum slope allowed by code; the curb ramp on
2  the east side of the building has an excessively steep slope; the landing at the top
3  of this curb ramp has a slope twice the 2% maximum slope allowed by code; the
4  door between the Restaurant and the "playground" has a strike edge clearance of
5  approximately 4 inches, far less than the 18 inch minimum strike edge clearance
6  allowed by code; the landing outside this door has a slope approximately twice
7  the 2% maximum slope allowed by code; and the exterior of the Restaurant in the
8  children's "playground" area has no accessible tables useable by physically
9  disabled wheelchair users.

10      18.    With regard to the "inside" men's restroom (the only one currently
11  serving the public and the one in which plaintiff was trapped on or about June 21,
12  2009), the push pressure required to open the entry door is more than twice the 5
13  lbs. maximum opening pressure allowed by code; the toilet is set excessively far
14  from the adjacent wall, and there is insufficient clear transfer space next to the
15  toilet to allow a side transfer from a wheelchair; defendants keep a trash can the
16  wheelchair transfer space which further greatly minimized the side transfer space
17  required by code; the sink is set excessively high above the finished floor.  (On
18  information and belief, the exterior men's restroom that plaintiff had difficulties
19  using on or about June 14, 2009 has now been closed to public use.  If it is again
20  opened for public use it should be made accessible pursuant to current Title 24
21  and ADAAG requirements.)

22      19.    Further, on information and belief, and based on preliminary
23  investigation by plaintiff's representatives, the premises were also illegally
24  inaccessible in multiple other respects.  These barriers to access are listed without
25  prejudice to plaintiff citing additional barriers to access after inspection by
26  plaintiff's access consultant, per the 9th Circuit's standing standards under Doran
27  v. 7-Eleven, Inc. 524 F.3d 1034 (9th Cir. 2008).  All of these barriers to access
28  render the premises inaccessible to and useable by physically disabled persons.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -9-       S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1   All facilities must be brought into compliance with all applicable federal and state
2   code requirements, according to proof.

3       20.    Further, each and every violation of the Americans With Disabilities
4   Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are
5   repled and incorporated herein, word for word, as if separately repled), also
6   constitutes a separate and distinct violation of California Civil Code § 54(c), thus
7   independently justifying an award of damages and injunctive relief pursuant to
8   California law, including but not limited to Civil Code §§ 54.3 and 55.

9       21.    Further, each and every violation of the Americans With Disabilities
10  Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are
11  repled and incorporated herein, word for word, as if separately repled), also
12  constitutes a separate and distinct violation of California Civil Code § 54.1(d),
13  thus independently justifying an award of damages and injunctive relief pursuant
14  to California law, including but not limited to Civil Code §§ 54.3 and 55.

15      22.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit
16  the acts and omissions of defendants as complained of herein which are
17  continuing on a day-to-day basis and which have the effect of wrongfully
18  excluding plaintiff and other members of the public who are physically disabled,
19  including but not limited to wheelchair users, from full and equal access to these
20  public facilities.  Such acts and omissions are the cause of humiliation and mental
21  and emotional suffering of plaintiff in that these actions continue to treat plaintiff
22  as an inferior and second class citizen and serve to discriminate against him on
23  the sole basis that he is a person with disabilities who requires the use of a
24  wheelchair for movement in public places.  Plaintiff is unable, so long as such
25  acts and omissions of defendants continue, to achieve equal access to and use of
26  these public facilities, and cannot return to use this Restaurant and its facilities
27  until they are made properly accessible to disabled persons.  Plaintiff alleges that
28  he intends to do so, once legally required access has been provided.  The acts of

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -10-          S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1 | defendants have proximately caused and will continue to cause irreparable injury
2 | to plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all
3 | areas of the premises that he personally encountered.  Further, as to all areas
4 | identified before or during this litigation by plaintiff's access consultant, that
5 | plaintiff or other physically disabled persons may encounter in the future (under
6 | the 9th Circuit's holding in <u>Doran v. 7-Eleven, Inc.</u> 524 F.3d 1034 (9th Cir. 2008)),
7 | plaintiff prays leave to amend this complaint to obtain injunctive relief.  As to
8 | those of the defendants that currently own, operate, and/or lease (from or to) the
9 | subject Restaurant, plaintiff seeks preliminary and permanent injunctive relief to
10 | enjoin and eliminate the discriminatory practices and barriers that deny equal
11 | access for disabled persons, and for reasonable statutory attorney fees, litigation
12 | expenses and costs.

13 |      23.     Wherefore plaintiff asks this Court to preliminarily and permanently
14 | enjoin any continuing refusal by defendants to grant full and equal access to
15 | plaintiff in the respects complained of and to require defendants to comply
16 | forthwith with the applicable statutory requirements relating to access for disabled
17 | persons.  Such injunctive relief is provided by California Health & Safety Code
18 | § 19953 and California Civil Code § 55, and other law.  Plaintiff further requests
19 | that the Court award damages pursuant to Civil Code § 54.3 and other law and
20 | attorney fees, litigation expenses, and costs  pursuant to Health & Safety Code
21 | § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other
22 | law, all as hereinafter prayed for.

23 |      24.    **DAMAGES:**  As a result of the denial of equal access to the facility
24 | and due to the acts and omissions of defendants and each of them in owning,
25 | operating, leasing, constructing, altering, and maintaining the subject facility,
26 | plaintiff suffered a violation of his civil rights, including but not limited to rights
27 | under Civil Code §§ 54 and 54.1, and suffered physical, mental and emotional
28 | personal injuries, all to his damages per Civil Code § 54.3, including general and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -11-     S:\SLR\CASES\M\MeD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1  statutory damages, and treble damages, as hereinafter stated. Defendants' actions
2  and omissions to act constitute discrimination against plaintiff on the sole basis
3  that he was and is physically disabled and unable, because of the architectural and
4  other barriers created and/or maintained by the defendants in violation of the
5  subject laws, to use the public facilities on a full and equal basis as other persons.

6       25.    **TREBLE DAMAGES** - Plaintiff has been damaged by defendants'
7  wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1,
8  and 54.3. At all times herein mentioned, defendants were fully aware that
9  significant numbers of potential users of their public facilities are and will be
10  physically disabled persons. Further defendants knew and know that a significant
11  portion of the Restaurant's patrons would be and were physically disabled
12  persons, including wheelchair users and other mobility-impaired persons, and
13  would have need of facilities that complied with California Title 24 and ADAAG
14  standards for accessible facilities. Despite this knowledge, defendants installed
15  and maintained the physical barriers complained of, and failed to remove these
16  barriers, and have failed to provide properly accessible facilities, according to
17  proof. Further, the managerial employees responsible for policy decisions at this
18  Restaurant failed to properly supervise employees or maintain telephone intake so
19  that they could respond to any emergencies, including but not limited to calls for
20  help from disabled persons, or calls from the police. Defendants have continued
21  their illegal and discriminatory policies and practices despite actual knowledge
22  that people with physical mobility disabilities attempt to patronize the subject
23  Restaurant and encounter illegal barriers when they do so.

24       26.    At all times herein mentioned, defendants knew, or in the exercise of
25  reasonable diligence should have known, that their barriers and practices at their
26  subject facilities violated disabled access requirements and standards, and had a
27  discriminatory affect upon plaintiff and upon other physically disabled persons,
28  but defendants have refused to rectify the violations, and presently continue a

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -12-    S:\SLR\CASES\M\MeD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1    course of conduct in maintaining architectural barriers that discriminate against

2    plaintiff and similarly situated disabled persons.

3         27.   **FEES AND COSTS:**  As a result of defendants' acts, omissions, and

4    conduct, plaintiff has been required to incur attorney fees, litigation expenses, and

5    costs as provided by statute, in order to enforce plaintiff's rights and to enforce

6    provisions of the law protecting access for disabled persons and prohibiting

7    discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

8    reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions

9    of Civil Code §§ 54.3 and 55, and California Health & Safety Code § 19953.

10   Additionally, plaintiff's lawsuit is intended to require that defendants make their

11   facilities accessible to all disabled members of the public, justifying "public

12   interest" attorney fees, litigation expenses and costs pursuant to the provisions of

13   California Code of Civil Procedure § 1021.5 and other applicable law.

14        WHEREFORE, plaintiff prays for damages and injunctive relief as

15   hereinafter stated.

16

17        **SECOND CAUSE OF ACTION:**

18   **VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT,
     CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH
     DISABILITIES ACT AS INCORPORATED**

19   **BY CIVIL CODE SECTION 51(f)**

20        28.   Plaintiff repleads and incorporates by reference, as if fully set forth

21   hereafter, the factual allegations contained in Paragraphs 1 through 27 of this

22   Complaint and incorporates them herein.

23        29.   At all times relevant to this complaint, California Civil Code § 51

24   has provided that physically disabled persons are free and equal citizens of the

25   state, regardless of medical condition or disability:

26        All persons within the jurisdiction of this state are free and equal,

27   and no matter what their sex, race, color, religion, ancestry, national
     origin, disability, or medical condition are entitled to the full and

28   equal accommodations, advantages, facilities, privileges, or services
     in all business establishments of every kind whatsoever.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -13-    S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1     Cal. Civ. C. § 51(b).

2         30.    California Civil Code § 52 provides that the discrimination by

3   defendants against plaintiff on the basis of his disability constitutes a violation of

4   the general anti-discrimination provision of §§ 51 and 52.

5         31.    Defendants' discrimination constitutes a separate and distinct

6   violation of California Civil Code § 52, which provides that:

7         Whoever denies, aids or incites a denial, or makes any discrimination
          or distinction contrary to section 51, 51.5, or 51.6 is liable for each
8         and every offense for the actual damages, and any amount that may
          be determined by a jury, or a court sitting without a jury, up to a
9         maximum of three times the amount of actual damage but in no case
          less than four thousand dollars ($4,000), and any attorney's fees that
10        may be determined by the court in addition thereto, suffered by any
          person denied the rights provided in Section 51, 51.5, or 51.6.
11

12        32.    Any violation of the Americans With Disabilities Act of 1990

13  (as pled in the Third Cause of Action) constitutes a violation of California Civil

14  Code § 51(f) thus independently justifying an award of damages and injunctive

15  relief pursuant to California law.  Per § 51(f), "A violation of the right of any

16  individual under the Americans With Disabilities Act of 1990 (Public Law 101-

17  336) shall also constitute a violation of this section."

18        33.    The actions and omissions of defendants as herein alleged

19  constitute a denial of access to and use of the described public facilities by

20  physically disabled persons within the meaning of California Civil Code §§ 51

21  and 52.  As a proximate result of defendants' action and omissions, defendants

22  have discriminated against plaintiff in violation of Civil Code §§ 51 and  52.

23        34.    **FEES AND COSTS:**  As a result of defendants' acts,

24  omissions and conduct, plaintiff has been required to incur attorney fees,

25  litigation expenses and costs as provided by statute in order to enforce plaintiff's

26  rights and to enforce provisions of the law protecting access for disabled persons

27  and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks

28  recovery of all reasonable attorney fees, litigation expenses and costs pursuant to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -14-     S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1   the provisions of California Civil Code §§ 51 and 52.  Additionally, plaintiff's
2   lawsuit is intended to require that defendants make their facilities and policies
3   accessible to all disabled members of the public, justifying "public interest"
4   attorney fees, litigation expenses and costs pursuant to the provisions of
5   California Code of Civil Procedure § 1021.5 and other applicable law.
6        Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.
7
8                            **THIRD CAUSE OF ACTION:**
     **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
9                            **42 USC §§ 12101 *et seq.***
10       35.    Plaintiff repleads and incorporates by reference, as if fully set forth
11  again herein, the allegations contained in  Paragraphs 1 through 34 of this
12  Complaint, and incorporates them herein as if separately repled.
13       36.    In 1990 the United States Congress made findings that laws were
14  needed to more fully protect "some 43,000,000 Americans [with] one or more
15  physical or mental disabilities;" that "historically, society has tended to isolate
16  and segregate individuals with disabilities;" that "such forms of discrimination
17  against individuals with disabilities continue to be a serious and pervasive social
18  problem;" that "the Nation's proper goals regarding individuals with disabilities
19  are to assure equality of opportunity, full participation, independent living, and
20  economic self-sufficiency for such individuals;" and that "the continuing
21  existence of unfair and unnecessary discrimination and prejudice denies people
22  with disabilities the opportunity to compete on an equal basis and to pursue those
23  opportunities for which our free society is justifiably famous..." [42 USC §12101]
24       37.    In passing the Americans with Disabilities Act of 1990 (hereinafter
25  "ADA"), Congress stated as its purpose:
26       It is the purpose of this Act
27       (1) to provide a clear and comprehensive national mandate for the
         elimination of discrimination against individuals with disabilities;
28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -15-          S:\SLR\CASES\M\MeD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1    (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing
     discrimination against individuals with disabilities;

2

3    (3) to ensure that the Federal Government plays a central role in enforcing
     the standards established in this Act on behalf of individuals with
     disabilities; and

4

5    (4) to invoke the sweep of congressional authority, including the power to
     enforce the fourteenth amendment and to regulate commerce, in order to
     address the major areas of <u>discrimination faced day-to-day</u> by people with

6    disabilities. (Emphasis added)

7    42 USC § 12101(b).

8        38.    As part of the ADA, Congress passed "Title III - Public

9    Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et*

10   *seq.*).  The subject property and facility is one of the "private entities" which are

11   considered "public accommodations" for purposes of this title, which includes

12   any "restaurant, bar, or other sales or rental establishment serving food or drink,"

13   § 301(7)(B).

14       39.    The ADA clearly states that "No individual shall be discriminated

15   against on the basis of disability in the full and equal enjoyment of the goods,

16   services, facilities, privileges, advantages, or accommodations of any place of

17   public accommodation by any person who owns, leases, or leases to, or operates a

18   place of public accommodation." 42 USC § 12182.   The specific prohibitions

19   against discrimination included, but were not limited to the following:

20   § 302(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory

21   to afford an individual or class of individuals, on the basis of a disability or

22   disabilities of such individual or class, directly, or through contractual, licensing,

23   or other arrangements, with the opportunity to participate in or benefit from a

24   good, service, facility, privilege, advantage, or accommodation that is not equal to

25   that afforded to other individuals."

26   § 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,

27   practices, or procedures when such modifications are necessary to afford such

28   goods, services, facilities, privileges, advantages, or accommodations to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -16-          S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1  individuals with disabilities...;"

2  § 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure

3  that no individual with a disability is excluded, denied service, segregated, or

4  otherwise treated differently than other individuals because of the absence of

5  auxiliary aids and services...;"

6  § 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication

7  barriers that are structural in nature, in existing facilities... where such removal is

8  readily achievable;"

9  § 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier

10  under clause (iv) is not readily achievable, a failure to make such goods, services,

11  facilities, privileges, advantages, or accommodations available through alternative

12  methods if such methods are readily achievable."

13            The acts and omissions of defendants set forth herein were in

14  violation of plaintiff's rights under the ADA and the regulations promulgated

15  thereunder, 28 CFR Part 36 *et seq.*

16      40.    The removal of each of the barriers complained of by plaintiff as

17  hereinabove alleged, were at all times herein mentioned "readily achievable"

18  under the standards of §§ 301(9) and 302 of the ADA.  As noted hereinabove,

19  removal of each and every one of the architectural barriers complained of herein

20  were also required under California law.  Further, on information and belief,

21  construction, alterations, structural repairs or additions since January 26, 1993

22  have also independently triggered requirements for removal of barriers to access

23  for disabled persons per § 303 of the ADA.

24      41.    On information and belief, as of the date of plaintiff's encounter at

25  the premises and as of the filing of this Complaint, the premises have denied and

26  continue to deny full and equal access to plaintiff and to other disabled persons,

27  including wheelchair users, in other respects, which violate plaintiff's rights to

28  full and equal access and which discriminate against plaintiff on the basis of his

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -17-        S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1 │ disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the

2 │ goods, services, facilities, privileges, advantages and accommodations, in

3 │ violation of §§ 302 and 303 of the ADA.  42 USC §§ 12182 and 12183.

4 │     42.   On information and belief, defendants have continued to violate the

5 │ law and deny the rights of plaintiff and other disabled persons access to this

6 │ public accommodation since on or before plaintiff's encounters, as previously

7 │ noted.  Pursuant to the ADA, § 308, 42 USC 12188 *et seq.*, plaintiff is entitled to

8 │ the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964,

9 │ 42 USC 2000(a)-3(a), as plaintiff is "a qualified" disabled person who is being

10 │ subjected to discrimination on the basis of disability in violation of the ADA and

11 │ has reasonable grounds for believing that he is about to be subjected to

12 │ discrimination should he return to the subject premises.  Pursuant to § 308(a)(2),

13 │ "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall

14 │ include an order to alter facilities to make such facilities readily accessible to and

15 │ usable by individuals with disabilities to the extent required by this title."

16 │     WHEREFORE, plaintiff prays for damages and injunctive relief as

17 │ hereinafter stated.

18 │

19 │ **PRAYER**

20 │     Plaintiff prays that this Court:

21 │     1.   Issue a preliminary and permanent injunction directing defendants as

22 │ current owners, operators, lessors, and/or lessees of the subject property and

23 │ premises to modify the above described property and premises and related

24 │ facilities to provides full and equal access to all persons, including persons with

25 │ physical disabilities; and issue a preliminary and permanent injunction pursuant

26 │ to ADA § 308(a) and state law directing defendants to provide facilities usable by

27 │ plaintiff and similarly situated persons with disabilities, and which provide full

28 │ and equal access, as required by law; and to train defendants' employees and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -18-    S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd

1  agents in how to recognize disabled persons and accommodate their rights and

2  needs.

3    2.    Retain jurisdiction over the defendants until such time as the Court is

4  satisfied that defendants' unlawful policies, practices, acts and omissions, and

5  maintenance of physically inaccessible public facilities as complained of herein

6  no longer occur, and can not recur;

7    3.    Award to plaintiff all appropriate damages, including but not limited

8  to statutory damages, general damages, and treble damages in amounts within the

9  jurisdiction of the Court, all according to proof;

10    4.    Award to plaintiff all reasonable statutory attorney fees, litigation

11  expenses, and costs of this proceeding as provided by law;

12    5.    Award prejudgment interest pursuant to Civil Code § 3291; and

13    6.    Grant such other and further relief as this Court may deem just and

14  proper.

15

16  Dated: September 4, 2009                LAW OFFICES OF PAUL L. REIN

17

18                                          By PAUL L. REIN

19                                          Attorneys for Plaintiff
                                            PETER MENDOZA

20

21                        **DEMAND FOR JURY**

22             Plaintiff hereby demands a jury for all claims for which a jury is

23  permitted.

24

25  Dated: September 4, 2009                LAW OFFICES OF PAUL L. REIN

26

27                                          By PAUL L. REIN

28                                          Attorneys for Plaintiff
                                            PETER MENDOZA

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -19-          S:\SLR\CASES\M\McD-NOVATO\PLEADINGS\MCDONALDS.CMP.wpd