| | |
|---|---|
| 1 | PAUL L. REIN, Esq. (SBN 43053) |
| 2 | CELIA MCGUINNESS, Esq. (SBN 159420)<br>CATHERINE M. CABALO, Esq. (SBN 248198) |
| 3 | LAW OFFICES OF PAUL L. REIN<br>200 Lakeside Drive, Suite A |
| 4 | Oakland, CA  94612<br>Telephone:   510/832-5001 |
| 5 | Facsimile:    510/832-4787<br>reinlawoffice@aol.com |
| 6 | Attorneys for Plaintiff |
| 7 | PETER MENDOZA |
| 8 | *Defendants and their respective are counsel listed after the caption. |

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MENDOZA,   | Case No. C09-04122 CW |
|  | Civil Rights |
| Plaintiff,  |  |
| v. |  |
|  | **CONSENT DECREE AND ORDER** |
| MCDONALD'S CORPORATION;<br>MICHAEL D. MAGRUDER;<br>SYED HUSSAIN; and DOES 1-10,<br>Inclusive, |  |
| Defendants. |  |
| _____/ |  |

CATHY L. ARIAS, ESQ.  (SBN 141989)
ANDREW R. SHALAUTA, ESQ.  (SBN 186821)
BURNHAM BROWN
P.O. Box 119
Oakland, CA 94604
1901 Harrison St # 1100
Oakland, CA 94612-3643
Telephone:  510/444-6800
Facsimile:   510/835-6666

Attorneys for Defendant
SYED ALI HUSAIN

---

CONSENT DECREE &
[PROPOSED] ORDER
Case No. C09-04122 CW

BENJAMIN M. GLICKMAN, ESQ.  (SBN 247907)
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
Telephone:  650/849-5300
Facsimile:   650/849-5333

Attorneys for Defendant
MCDONALD'S CORPORATION

1. Plaintiff PETER MENDOZA filed a Complaint in this action on September 4, 2009, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants MCDONALD'S CORPORATION and SYED HUSAIN (collectively referred to as "Defendants"), relating to the condition of Defendants' public accommodations as of June 14, 2009, and continuing.  Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 7340 Redwood Blvd., Novato, California.  Defendants do not concede liability in this Action.

2. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation.  The parties fully understand that this Action involves arguable and disputed questions of fact and law, that the liability of Defendants for the alleged occurrences,

transactions, or events, is doubtful and disputed and that the agreement for relief herein is not to be construed as an admission of liability, which is expressly denied, and that this Agreement arises from compromise.

**JURISDICTION:**

3. The parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims raised in the Complaint filed with this Court. Accordingly, the parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have

- 3 -

CONSENT DECREE &
[PROPOSED] ORDER
Case No. C10-03258-EMC

arisen out of the subject Complaint.

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

    a) **Remedial Measures:** Defendant McDonald's Corporation (or one of its affiliates) will perform the corrective work at 7340 Redwood Blvd., Novato, California. The scope of the corrective work is:

        i. <u>Site Access:</u>

           (1) Replace 3-foot-long section where asphalt meets the sidewalk to comply with slope requirements;

           (2) Paint a 48"-wide path from the sidewalk on the north side of the driveway adjacent to Redwood Blvd. to connect to the curb ramp leading to the front entrance marking the path of travel.

        ii. <u>Parking</u>

           (1) Install "Tow Away" signage specified in California Building Code ("CBC") 1129B.4.

           (2) Relocate the speed bump that is next to one of the two

accessible parking spaces or remove that portion of the bump where it borders the accessible parking space.

   iii. <u>Front Entrance</u>:

      (1) Adjust the door opener or replace it if necessary so that the door reaches a fully open position no faster than four (4) seconds total time, from fully closed to fully open.

      (2) Install power door signage required by CBC 1133B.2.3.2.

      (3) Remove floor mats.

   iv. <u>Men's Restroom</u>:

      (1) Adjust the door closer or replace it if necessary so that maximum effort to operate the exterior and interior doors do not exceed five (5) pounds.

      (2) Adjust the door closer or replace it if necessary so that the door closes no faster than three (3) seconds from an open position of 70 degrees to a point 3-inches from the latch.

      (3) Replace toilet fixture so that it is between 17" and 19" above the finished floor measured to the top of the toilet seat.

      (4) Replace the toilet paper dispenser with a smaller unit in order to ensure that the grab bar can be freely grasped and

>>> the toilet paper can be grasped at a height no lower than 19" above the floor, providing at least a 1-1/2" clearance around the grab bar.
>> (5) Lower the lavatory to a height between 28" to 34" above the finished floor and provide 29" of knee space.
> v. <u>Women's Restroom</u>:
>> (1) Adjust the door closer or replace it if necessary so that maximum effort to operate the exterior and interior doors do not exceed five (5) pounds.
>> (2) Adjust the door closer or replace it if necessary so that the door closes no faster than three (3) seconds from an open position of 70 degrees to a point 3-inches from the latch.
>> (3) Replace the toilet paper dispenser with a smaller unit in order to ensure that the grab bar can be freely grasped and the toilet paper can be grasped at a height no lower than 19" above the floor, providing at least a 1-1/2" clearance around the grab bar.
> vi. <u>Exterior Playground</u>: Exterior playground will be removed.
> b) **Timing of Injunctive Relief**: Defendant McDonald's

Corporation (or one of its affiliates) will perform the corrective work based on

- 6 -

CONSENT DECREE &
[~~PROPOSED~~] ORDER
Case No. C10-03258-EMC

McDonald's position that the Franchise Agreement for the restaurant at 7340 Redwood Blvd., Novato, California expired on December 26, 2009, which Syed Ali Husain disputes and does not agree with including as set forth in his filings in <u>Husain v. McDonald's Corporation</u>, Case No. 096177, Marin Superior Court of the State of California. Defendant McDonald's Corporation (or one of its affiliates) will submit plans for all corrective work to the appropriate governmental agencies within 90 (ninety) days of the entry of this Consent Decree by the Court. Defendant McDonald's Corporation (or one of its affiliates) will commence work within 90 (ninety) days of receiving approval from the appropriate agencies. Defendant McDonald's Corporation (or one of its affiliates) will complete all work within 120 (one hundred and twenty) days of commencement. In the event that unforeseen difficulties prevent Defendant McDonald's Corporation (or one of its affiliates) from completing any of the agreed-upon injunctive relief, Defendant McDonald's Corporation or its counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendant McDonald's Corporation or its counsel will notify Plaintiff's counsel in writing when the corrective work is completed.

      c)      If the corrective work is not completed according to the terms of this agreement, then Plaintiff reserves the right to file a motion to obtain compliance and seek available remedies.

- 7 -

CONSENT DECREE &
[~~PROPOSED~~] ORDER
Case No. C10-03258-EMC

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

7. The parties have also reached an agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses and costs. Defendant Syed Husain ("Husain") shall pay to Plaintiff a total of $12,500 for Plaintiff's alleged damages for personal injuries and civil rights violations, with payment to be made to "PAUL L. REIN IN TRUST FOR PETER MENDOZA." Defendant Husain shall also pay a total of $70,000 for Plaintiff's attorney fees, litigation expenses, and costs, with payment to be made to "PAUL L. REIN." Defendant Husain agrees to deliver full payment of Plaintiff's $12,500 damages and $70,000 for Plaintiff's attorney fees, litigation expenses, and costs to the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612 on or before April 29, 2011.

**ENTIRE CONSENT DECREE AND ORDER:**

8. This Consent Decree and Order constitutes the entire agreement between the signing parties on the matters of injunctive relief, damages, attorney fees, litigation expenses and costs and no other statement, promise or agreement, either written or oral, made by any of the parties or agents of any of the parties that is not contained in this written Consent Decree and Order shall be enforceable regarding the matters of injunctive relief, damages, attorney fees, litigation expenses, and/or costs described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on Plaintiff; Defendants MCDONALD'S CORPORATION and SYED HUSAIN to the extent of their obligations as set forth herein; and any successors in interest. Defendants have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

10. Plaintiff understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, that he will incur, suffer or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, Plaintiff intends that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by Plaintiff with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the

California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

11.   Effective upon Plaintiff's receipt of the payments required under paragraph 7, and except for all obligations required in this Consent Decree and Order, , Plaintiff and his respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges and holds harmless Defendants  and their  officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, affiliates, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives  from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

12.  Effective upon Plaintiff's receipt of the payments required under paragraph 7, and except for all obligations required in this Consent Decree and Order, Defendants and their  officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, affiliates, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives  release, hold

harmless and forever discharge Plaintiff and his respective agents, representatives, predecessors, successors, heirs, partners and assigns from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

13. This Consent Decree and Order, and settlement, does not apply to claims, causes of action, demands, accounts, obligations, proceedings, losses, or liabilities, whether now known or unknown, whether based on contract, tort, statute, or other legal or equitable theory of recovery, which McDONALD'S CORPORATION and SYED HUSAIN can, shall or may have against each other.

**TERM OF THE CONSENT DECREE AND ORDER:**

14. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any

court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: May ___, 2011        PLAINTIFF PETER MENDOZA

                                                                              _____
                                                                              PETER MENDOZA

Dated: May ___, 2011        DEFENDANT MCDONALD'S CORPORATION


                                                                              By: _____

                                                                              Print name: _____

                                                                              Title: _____

Dated: May ___, 2011        DEFENDANT SYED ALI HUSAIN


                                                                              _____
                                                                              SYED ALI HUSAIN

APPROVED AS TO FORM:

Dated: May ___, 2011   LAW OFFICES OF PAUL L. REIN


By: _____
   Catherine M. Cabalo, Esq.
   Attorneys for Plaintiff
   PETER MENDOZA


Dated: May ___, 2011   GIBSON, DUNN & CRUTCHER LLP


By: _____
   Benjamin M. Glickman, Esq.
   Attorneys for Defendant
   McDonald's Corporation

Dated: May ____, 2011   BURNHAM BROWN


By: _____
   Cathy L. Arias, Esq.
   Attorneys for Defendant
   Syed Ali Husain

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.


Dated: __**June 24**____, 2011   _____
   Honorable CLAUDIA WILKEN
   United States District Court Judge

1079876

CONSENT DECREE &
[PROPOSED] ORDER
Case No. C10-03258-EMC